Erin A. Hertzog, SBN 030770

**TB TIFFANY & BOSCO** P.A.

SEVENTH FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4237
TELEPHONE: (602) 255-6000
FACSIMILE:   (602) 255-0103
Email: EAH@tblaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Teresa Watzka, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Progrexion Holdings, Inc., a Delaware Corporation; and Progrexion Teleservices, Inc., an Arizona Corporation,<br><br>Defendants. | Case No. _____<br><br>**CIVIL COMPLAINT** |

Plaintiff Teresa Watzka ("Plaintiff") for her cause of action against Defendants Progrexion Holdings, Inc. and Progrexion Teleservices, Inc., (hereinafter collectively "Defendants"), alleges:

**GENERAL ALLEGATIONS**
**(Parties and Jurisdiction)**

1. Plaintiff is a resident of Maricopa County, State of Arizona and has suffered harms as a result of the actions taken by Defendant in this County and State.

2. Defendant Progrexion Holdings, Inc. is a Delaware Corporation, with a known place of business at Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

3. Progrexion Teleservices, Inc. is an Arizona Corporation, with a known place of business at 20620 N. 19th Ave., Phoenix, AZ 85027.

4. Defendants Progrexion Teleservices, Inc. and Progrexion Holdings, Inc., are jointly and severally liable as joint or integrated employers for all of the acts and omissions against Plaintiff.

5. Defendants are a "covered employer" within the meaning of the Family and Medical Leave Act ("FMLA"), 29 C.F.R. § 825.104 (a).

6. The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question).

7. Venue lies in the District of Arizona pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim occurred in Arizona.

**Jury Demand**

8. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

9. Plaintiff began her employment with Progrexion Teleservices, Inc., a subsidiary of Progrexion Holdings, Inc., in or around October 2016.

10. Plaintiff was always in good standing throughout her employment with Defendants, and never had disciplinary action against her, receiving high praise and

recognition for her performance.

11. Plaintiff was diagnosed with Stage IV triple negative metastatic breast cancer on September 11, 2017 and informed Defendants about her diagnosis shortly thereafter.

12. Plaintiff began aggressive chemotherapy treatment, the side effects of which include: fatigue, neuropathy, dizziness, and weakness.

13. Plaintiff took twelve (12) weeks approved FMLA leave beginning November 7, 2017 in an effort to recover and improve her health.

14. During that twelve (12) weeks, Plaintiff was diagnosed with brain tumors and underwent ten (10) days of radiation treatment.

15. In February 2018, following the radiation, Plaintiff was cleared to return to work.

16. That same month, Plaintiff underwent heart surgery for a pericardial window.

17. Amidst the breast cancer, brain tumors, and heart surgery, Plaintiff suffered pneumonia in both lungs.

18. Plaintiff's return to work was further delayed by an infection in the incision from her heart surgery.

19. Upon information belief, one or more of her absences were subject to FMLA.

20. As soon as Plaintiff was able to return to work she did so, in May 2018.

21. Plaintiff's care manager from the Cancer Treatment Centers of America, Jodi Klemm, recommended a reduction in Plaintiff's working hours to 20 hours a week.

22. Defendants proposed an accommodation for Plaintiff that involved a

3

requirement to make up the missed hours of work in four-hour increments after her shifts.

23. Further, Defendants required Plaintiff to schedule all medical care and appointments on Fridays.

24. This proposal did not accommodate Plaintiff.

25. Plaintiff's need to receive medical treatment would prevent her from making up the hours required by Defendants.

26. In or around June 2018, Plaintiff used accrued Paid Sick time ("PST").

27. Plaintiff asked Defendants multiple times for information and documentation regarding her PST.

28. Defendants did not fulfill Plaintiff's requests.

29. Later in June 2018 Plaintiff sought to leave early due to side effects from her multiple medical conditions.

30. Defendants' HR Representative, Nikki Cooksey, told Plaintiff she had one and one half hours of PST left.

31. Plaintiff left one and a half hours early, based on this representation.

32. On July 2, 2018, Cynthia Lynch, a medical oncologist from the Cancer Treatment Centers of America, emailed Ms. Cooksey, stating that "Ms. Watzka is experiencing cytoxic side effects of weekly chemotherapy and is unable to work this week due to extreme fatigue, neuropathy, dizziness, and weakness."

33. On July 9, 2018, Plaintiff was admitted to the hospital and diagnosed with diverticulitis.

4

34. On or around July 11, 2018, Dr. Lynch emailed Ms. Cooksey again stating that Plaintiff had acute diverticulitis and would not be able to return to work until July 19.

35. On July 13, 2018, Ms. Cooksey informed Plaintiff that she did not qualify for disability benefits.

36. On July 16, 2018, Plaintiff received a message from her direct supervisor, who told her that she needed to call in to work if she was going to be absent.

37. This is contrary to what she had been previously told.

38. Shortly thereafter, another employee of the Defendants informed Plaintiff that although she called into work because of her disability, Ms. Cooksey was manually changing the entries to unexcused absences.

39. Plaintiff confirmed these manual changes with the ADA Department.

40. On July 23, 2018, Defendants called Plaintiff in the evening at her home and terminated her employment for having too many absences because of her disability.

41. At no point did anyone tell Plaintiff her termination was due to job performance.

42. Plaintiff was fired solely for her medical absences.

43. Plaintiff now suffers not only from a tragic illness, but also from the wrongful conduct of Defendants.

**First Cause of Action**
**(Arizona Paid Sick Time Act – A.R.S. §23-373)**
**(Against All Defendants)**

44. Plaintiff incorporates by reference all of the previous allegations in this Complaint as if fully set forth herein.

5

45. Plaintiff is an "Employee" as that term is defined in A.R.S. § 23-362.

46. Likewise, Defendants are Plaintiff's "Employers" as that term is defined in A.R.S. § 23-371.

47. Plaintiff properly requested PST to undergo surgical care for her cancer treatment.

48. Defendants terminated Plaintiff as retaliation for her assertion of her right to take PST.

49. As a result of Defendants' unlawful retaliation against Plaintiff, Plaintiff lost her job and related benefits and wages.

50. Plaintiff is entitled to compensatory damages not less than one-hundred and fifty dollars ($150) for each day that the violation continued, or until legal judgment is determined. The current total exceeds $28,000. Plaintiff is also entitled to attorneys' fees, damages for emotional distress, and punitive damages. *A.R.S. §23-364(G).*

### Second Cause of Action
### (Violation / Retaliation – Family Medical Leave Act)
### (Against All Defendants)

51. Plaintiff incorporates by reference all of the previous allegations in this Complaint as if fully set forth herein.

52. Under the Family Medical Leave Act ("FMLA"), Defendants were required to give Plaintiff twelve (12) workweeks of leave because of her serious health condition. *29 U.S.C.A. §2612.*

53. Plaintiff properly asserted her need for FMLA leave and Defendants granted

6

her leave.

54. Later, Defendants admonished Plaintiff for requesting FMLA leave.

55. Defendants subsequently retaliated against Plaintiff by terminating her employment.

56. Plaintiff is entitled to damages for her loss of employment and any related wages and, or benefits. Additionally, Plaintiff is entitled to liquidated damages. *29 U.S.C.A. §2617.*

WHEREFORE, Plaintiff request judgment in their favor and against Defendants as follows:

A. For an award of Plaintiff's actual, consequential and incidental damages in an amount to be determined at trial;

B. For an award of Plaintiff's pain and suffering damages caused by Defendants' wrongful acts;

C. For special damages including Punitive damages in an amount to be proven at trial;

D. For an award of Plaintiff's attorneys' fees and costs incurred in this matter and any other applicable law or contract provision and any other applicable statute, rule or regulation;

E. For an award of post-judgment and pre-judgment interest on each element of damage, cost or attorneys' fees at the highest legal rate from the date of such damage, cost or attorneys' fees was incurred until paid; and

7

F.     For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 20th day of March, 2019.

TIFFANY & BOSCO P.A.

By: _____
Erin A. Hertzog
Seventh Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016-4237
*Attorneys for Plaintiff*